IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WILLIE L. LEE, JR.**                                                                           **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 3:12cv661-TSL-MTP**

**RICHARD M. FOUNTAIN**                                                      **DEFENDANT**

<u>**ORDER**</u>

THIS MATTER is before the court on the Plaintiff's [11] Motion to Stay Rule 16(a) Initial Order and for Leave to File First Amended Complaint. Having considered the submissions of the parties and the applicable law, the court finds that the [11] Motion should be granted.

Plaintiff filed his complaint against Defendant Richard M. Fountain, individually, and as shareholder, director and officer of law offices of Richard M. Fountain, P.A., on August 8, 2012, in the Chancery Court of Madison County, Mississippi. Defendant removed the action to this court on September 21, 2012, based on diversity of citizenship.[1]

Plaintiff filed a Motion to Remand [5] the action to state court on October 19, 2012. The court denied Plaintiff's Motion [5] by Order [9] dated November 20, 2012, finding that despite Plaintiff's stated intent to do so, he did not name Richard M. Fountain, P.A. (a Mississippi citizen) as a Defendant in this matter. The court noted that "If plaintiff desires to amend to add Richard M. Fountain, P.A. as a defendant, he should file a motion to amend." Order [9], footnote 1.

In his Motion to Amend [11], Plaintiff seeks leave to amend his complaint to add

---

[1] Mr. Fountain is a Florida resident.

Richard M. Fountain, P.A. as a defendant in this matter. Defendant opposes the motion and argues, among other things, that the proposed amendment should be closely scrutinized as, if permitted, it may deprive the court of diversity jurisdiction.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Plaintiff correctly cites the four factors that this court should consider in determining whether Plaintiff should be permitted to add a non-diverse party as set forth by the Fifth Circuit in *Hensgens v. Deere & Company*, 833 F.2d 1179 (5th Cir. 1987). The four factors outlined in *Hensgens* are: whether the primary purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff was diligent in requesting the amendment, whether plaintiff will be significantly injured if the amendment is denied, and any other factors bearing on the equities. *Id*. at 1182. The court should "balance the equities and decide whether amendment should be permitted." *Id*.

Based on the record before the court, it does not appear that the primary purpose of the amendment is to defeat federal jurisdiction. Rather, it appears Plaintiff intended to initially include Richard M. Fountain, P.A. as a Defendant, but understood that this entity may have been dissolved. *See* Complaint [1-1] at ¶¶ 2-3. In any event, the original complaint includes numerous references to Richard M. Fountain, P.A.

Considering the second factor, Plaintiff has been diligent in requesting the amendment. This case is in the very early stages of litigation. Plaintiff filed his motion to amend just one day after his motion to remand was denied. No case management conference has been held and no discovery has been conducted.

The third factor also weighs in favor of amendment. Plaintiff may indeed be significantly prejudiced if Richard M. Fountain, P.A. is not added as a Defendant. Plaintiff's original complaint asks for a review of the fees received by both Fountain, individually, and/or Richard M. Fountain, P.A.; thus, it appears necessary to add Richard M. Fountain, P.A. as a defendant in this matter.

In opposition to the Motion [11], Defendant claims that he will be prejudiced if Plaintiff is allowed to amend his complaint prior to specifying whether his contract was with Fountain individually or the P.A. However, the Defendant does not address the factors set forth above.

Based on the foregoing and balancing the appropriate factors, the court finds that the equities weigh in favor of allowing the amendment.

IT IS, THEREFORE, ORDERED:

1. That Plaintiff's [11] Motion to Stay Rule 16(a) Initial Order and for Leave to File First Amended Complaint is **GRANTED.**

2. Plaintiff shall file his amended complaint on or before January 4, 2013.

3. The Telephonic Case Management Conference set for January 8, 2013, is hereby cancelled and will be re-set when all parties are before the court or when otherwise appropriate.

**SO ORDERED** this the 28th day of December, 2012.

                                                                      s/ Michael T. Parker
                                                                     United States Magistrate Judge